UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  11-11446-RGS

CONDOMINIUM LLC and JAMES LONGO, JR.
d/b/a BLOCKAVENUE.COM

v.

JASON B. COLANTUONI and
BRIAN HOLT

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

October 21, 2011

STEARNS, D.J.

However reprehensible may be the conduct of defendants, at least insofar as it

is alleged in the Complaint, the parties' Nondisclosure, Noncompetition and Intellectual

Property Agreement, executed on June 29, 2011, contains a mandatory forum selection

clause.  It provides that "[b]oth Parties consent and submit to the exclusive jurisdiction

of the courts (State and Federal) located in the State of Delaware, United States of

America, in connection with any controversy arising under this Agreement or its subject

matter."  Forum selection clauses are "prima facie valid and should be enforced unless

enforcement is shown by the resisting party to be 'unreasonable' under the

circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[1]

Under the balancing test prescribed by 28 U.S.C. §1404(a), "[t]he presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The fact that the Complaint at issue contains counts that are styled as torts rather than as breaches of contract does not alter the equation. "We cannot accept the invitation to reward attempts to evade the enforcement of forum selection agreements through 'artful pleading of [tort] claims' in the context of a contract dispute. . . . The better general rule, we think, is that contract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties." *Lambert v. Kysar*, 983 F.2d 1110, 1121-1122 (1st Cir. 1993). Nor does timing matter. A motion to dismiss based on a forum selection clause may be raised at any time in the proceedings before a disposition on the merits. *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 388 (1st Cir. 2001). Finally, I agree with defendants that the claims of CondoDomain and BlockAvenue are so closely intertwined that they should be heard together in the chosen Delaware forum. *See*

---

[1] Federal common law and Massachusetts law "treat forum selection clauses identically." *Rooney v. Biomet, Inc.*, 63 F. Supp. 2d 126, 127 (D. Mass. 1999), *order vacated on other grounds and reentered as Rooney v. Biomet, Inc.*, 197 F.R.D. 209 (D. Mass. 2000).

*Rivera v. Centro Medico de Turabo*, Inc., 575 F.3d 10, 24 (1st Cir. 2009).[2]

## ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>, without prejudice to the claims being refiled in the State of Delaware.  The Clerk will enter an Order of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[2] I am not persuaded that the "interests of justice" dicta in *Saturn Mgmt. LLC v. GEM-Atreus Advisors, LLC*, 754 F. Supp. 2d 272, 285 (D. Mass. 2010), the case relied upon by plaintiffs as compelling a different result, overrides clearly stated United States Supreme Court and First Circuit law to the contrary.